## HOLYOKE PAPER COMPANY *vs.* JOHN I. CONKLIN.

In an action for the price of paper sold to be manufactured into envelopes, the defendant may corroborate his own testimony, denying that he purchased or received the same, but admitting that he had purchased and received from the plaintiffs another smaller amount of paper for that purpose, by introducing evidence that all the paper which he purchased of the plaintiff was cut into envelopes in his shop, and that the clippings of it were kept separate, and were of so small an amount as to show that the paper sued for could not have been so cut.

CONTRACT to recover the price of 937 pounds of paper, sold to be manufactured into envelopes.

At the trial in the superior court, the plaintiffs introduced evidence tending to prove a sale and delivery of the paper. The defendant denied the same, and testified, without objection, that he had received of the plaintiffs only 392 pounds of paper, which was no part of the paper sued for; that he manufactured

envelopes in Holyoke, running two machines, both of which would cut from 100 to 150 pounds of paper a week, the clippings of which were about twenty-five per cent.; that most of his stock was purchased of the Parsons Paper Company; and that he sold to each company the clippings of the paper bought of it. The defendant then was allowed, under objection, to introduce evidence to show that all the paper bought of the plaintiffs was cut into envelopes in his shop, and that the clippings of it were kept separate, and amounted to only eighty-one pounds. A verdict was returned for the defendant, and the plaintiffs alleged exceptions.

*J. Wells,* for the plaintiffs, cited *Howe* v. *Thayer,* 17 Pick. 97 ; *Snow* v. *Warner,* 10 Met. 132; *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199; *Gorman* v. *Montgomery,* 1 Allen, 416 ; *Alger* v. *Thompson,* Ib. 453.

*G. M. Stearns,* for the defendant, was not called upon.

METCALF, J. As the plaintiffs did not object, at the trial, to the testimony of the defendant, no objection to it is now open to them. And we do not perceive any legal objection to the admission in evidence of all the matters to which he and the other witnesses testified. We are of opinion that the facts which they stated were competent evidence which a jury might weigh.

The objection now made to the testimony of the witnesses called by the defendant, to wit, that it was inadmissible, because he ought not to have been allowed to corroborate his own testimony, rests upon no principle or authority. In legal effect, the objection is, that a party, who is now a competent witness in his own cause, must be confined to his own statement in proof of any fact to which he testifies. The decisions that were cited in support of this objection are wholly inapplicable. The case of *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199, decides nothing more than that the defendant could not have been permitted, for the purpose of strengthening his testimony, to tell the jury that he had made the same statement to others before he testified in court. And the case of *Howe* v. *Thayer,* 17 Pick. 97 decides only that if the defendant had offered witnesses to testify

to facts to which another witness had testified, "for thé sole pur-
pose" of supporting the credibility of that witness, their testi-
mony would not have been admissible. The other cases cited
by the plaintiffs, on this point, relate to a party's account books
and suppletory oath, and the facts in proof of which they are
legal evidence. They have no bearing on this case.

*Exceptions overruled.*